# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| QUINTON O. CANTON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil No. 13-0308-CV-W-FJG |
| ) | Crim. No. 10-00146-01-CR-W-FJG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# ORDER

Pending before the Court is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1, filed on March 25, 2013). Also before the Court is Movant's Superseding Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 26, filed on March 3, 2014). Also before the Court is Movant's Motion to Supplement 2255 (Doc. No. 35, filed on August 1, 2014). As an initial matter, the Court will **GRANT** the motion to supplement (Doc. No. 35), and will consider the case cited in movant's motion below.

On May 25, 2010, movant was charged in a two-count indictment with being a felon in possession of a firearm (Count One) and ammunition (Count Two), in violation of §§ 922(g)(1) and 924(a)(2). On April 27, 2011, movant pled guilty to Count Two of the indictment, without a written plea agreement. On September 12, 2011, the district court sentenced movant to 180 months' imprisonment under 18 U.S.C. § 924(e), the Armed Career Criminal Act, with five years of supervised release to follow.

Movant appealed. The Eighth Circuit affirmed movant's sentence on March 19, 2012, finding that movant's second degree burglary convictions counted as violent felonies under the ACCA. United States v. Canton, 464 Fed. Appx. 551, 552 (8th Cir. 2012). The Eighth Circuit further found that movant's prior Missouri conviction for sale cocaine base qualified as a "serious drug offense" under the ACCA. Id. at 553. The

Eighth Circuit further found that movant's sentence, to the statutory minimum under the ACCA, did not constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Id.

On March 25, 2013, movant filed a *pro se* motion to vacate, set aside, or correct sentence, asserting that counsel was ineffective for failure to file a petition for writ of certiorari after the Eighth Circuit made its decision. Movant asserted that his appeals counsel should have filed a petition for writ of certiorari, asserting that the decisions in Descamps v. United States, 570 U.S. ____, 133 S.Ct. 2276 (2013) and Alleyne v. States, 570 U.S. ___, 133 S.Ct. 2151 (2013) would have an impact on his sentence.[1] The Government responded on May 16, 2013 (Doc. No. 9), indicating that (1) failure to a petition for writ of certiorari does not constitute ineffective assistance of counsel, in due process does not guarantee a constitutional right for litigants to have the assistance of counsel given that writ of certiorari is discretionary, see Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008); and (2) the outcomes of Descamps and Alleyne would no impact on movant's case.

Instead of filing reply suggestions to the government's brief, movant filed a to Supplement § 2255 Petition Based upon Recent Decisions Announced by Supreme Court of the United States (Doc. No. 13, filed on August 1, 2013). Movant requested to supplement his original petition using the recently-announced decisions in Descamps and Alleyne. The government opposed (Doc. No. 19, filed on November 4, 2013), indicating that (1) movant's new arguments have nothing to do with ineffective of counsel; (2) the Descamps case does not apply retroactively to movant's case; and the California burglary statute at issue in Descamps is distinguishable from the Missouri burglary statute at issue in movant's case. The government also argued that the decision does not require the issue of predicate convictions to be submitted to the jury,

---

[1] At the time movant filed his initial motion under Section 2255, Descamps and Alleyne had been argued but had not yet been decided by the Supreme Court.

Alleyne does not overrule Almendarez-Torres v. United States, 523 U.S. 224 (1998), which removed prior convictions from the class of facts which must be submitted to a to increase a defendant's sentence.

On January 17, 2014, the Court entered its order granting movant's motion for leave to file a supplemental section 2255 motion, finding that the motion should be granted because Descamps and Alleyne had not been decided at the time of the filing of movant's original section 2255 motion. Order, Doc. No. 25.

On March 3, 2014, movant filed his superseding section 2255 motion (Doc. No. 26). Instead of raising arguments related to Descamps, however, movant indicates that (1) in light of United States v. Burrage, 571 U.S. ___, 134 S.Ct. 881 (2014)[2], any prior conviction that is used to increase the minimum or maximum statutory punishment must be submitted to a jury; and (2) his prior second degree burglary convictions should not considered violent felonies in light of United States v. Boose, 739 F.3d 1185 (8th Cir. 2014), in which the Eighth Circuit found that first degree battery in Arkansas is not a violent felony for purposes of the ACCA. Movant filed supplemental authority on April 4, 2014 (Doc. No. 31), again arguing that Burrage applies to any factual predicate to a sentence enhancement, including the fact of a prior conviction. In response (Doc. No. 32), the government argues that (1) Burrage merely cites Alleyne and does not add anything to the analysis of the issues in this case; (2) Alleyne is not retroactive to cases collateral review; (3) Alleyne does not overrule Almendarez-Torres v. United States, 523 U.S. 224 (1998); and (4) United States v. Boose has no relevance to the matter at hand, as first degree battery under Arkansas law has no connection to second degree under Missouri law.

---

[2] Burrage does not stand for the proposition asserted by movant. Burrage, instead, provides that in order to receive a penalty enhancement under 21 U.S.C. § 841(b)(1)(C) for drug distribution resulting in death, the drug must have been the but-for cause of the injury or death. 134 S.Ct. at 892.

In movant's response to the government's suggestions (Doc. No. 34), the movant raises again the argument that appellate counsel was ineffective for failing to file a petition for writ of certiorari. Movant also reiterates his arguments regarding Descamps, Alleyne, Burrage, and Boose.

On August 1, 2014, movant filed a Motion Pursuant to Federal Rules of Civil Procedure, Rule 15(a) to Amend the Pending § 2255 Motion, Challenging the State Previous Drug Conviction Used for Triggering Penalty Enhancement § 924(e) is Invalid (Doc. No. 35). Movant argues that the Ninth Circuit Court of Appeals recently held, in United States v. Lopez-Chavez, No. 11-50227, 2014 WL 2978488 (9th Cir. July 3, 2014), that a conviction under R.S.Mo. § 195.211 is not an aggravated felony under the Immigration and Nationality Act (INA), and presumably movant argues that means that such a conviction should not be considered a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii).

## STANDARD

A motion under 28 U.S.C. § 2255 may present a collateral attack to a sentence under the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. Hill v. United States, 368 U.S. 424, 426–27 (1962); 28 U.S.C. § 2255(a). A § 2255 motion is not a substitute for direct appeal, and is not designed for complaints regarding simple trial errors. Poor Thunder v. United States, 810 F.2d 817, 821 (8th Cir.1987).

To establish a claim for relief based upon ineffective assistance of counsel, movant must show that counsel failed to exercise the skill and diligence that a

competent attorney would have exercised under similar circumstances. Thomas v. Lockhart, 738 F.2d 304, 307 (8th Cir. 1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Movant must also demonstrate he was prejudiced by the alleged incompetence of counsel by showing the existence of "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

## JUDGMENT

The Court has reviewed movant's motion (Doc. No. 1), movant's memorandum in support (Doc. No. 2), respondent's opposition (Doc. No. 9), movant's motion to supplement (Doc. No. 13), respondent's opposition thereto (Doc. No. 19), movant's (Doc. No. 24), movant's superseding 2255 motion (Doc. No. 26), movant's in support (Doc. No. 27), movant's supplemental authority (Doc. No. 31), respondent's opposition (Doc. No. 32), movant's reply (Doc. No. 34), and movant's motion to supplement (Doc. No. 35), as well as the record in the underlying criminal case, and that movant's allegations are without merit for the reasons stated in respondent's opposition. In particular, the Court finds (1) movant's appellate counsel was not ineffective for not filing a petition for writ of certiorari, given that movant has no due process right to have the assistance of counsel on a petition for writ of certiorari, see Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008); (2) Descamps v. United 570 U.S. ____, 133 S.Ct. 2276 (2013) does not alter the outcome of movant's case as Eighth Circuit has recently found that a conviction under Missouri's second-degree burglary statute still qualifies as a violent felony despite the Supreme Court's holding in Descamps, see United States v. Olsson, 742 F.3d 855, 856 (8th Cir. 2014); (3) Alleyne

5

United States, 570 U.S. ___, 133 S.Ct. 2151 (2013) is not retroactive, and even if it it has not overruled Almendarez-Torres v. United States, 523 U.S. 224 (1998); (4) States v. Burrage, 571 U.S. ___, 134 S.Ct. 881 (2014) and United States v. Boose, 739 F.3d 1185 (8th Cir. 2014) have no impact on movant's sentence whatsoever; and (5) the Ninth Circuit's holding, in United States v. Lopez-Chavez, No. 11-50227, 2014 WL 2978488 (9th Cir. July 3, 2014), has no impact on movant's case in that it involves the interpretation of a different law (the Immigration and Nationality Act) made by a court outside this circuit.

Therefore, both Movant's Original Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1, filed on March 25, 2013), as well as Movant's Superseding Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 26, filed on March 3, 2014), are **DENIED**.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

**IT IS SO ORDERED.**

Date: August 29, 2014  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge